United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20456
Summary Calendar

NINO CASTELLANIA GIBSON,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-1145
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Nino Castellania Gibson, Texas prisoner # 561250, appeals the denial of his 28 U.S.C. § 2254 petition challenging the denial of credit for time served on release to mandatory supervision after his supervision was revoked. A certificate of appealability was granted on the issues "whether he was eligible for credit for his street time under TEX. GOV'T CODE ANN. § 508.283(c) and whether he had a protected liberty interest in credit for his street time." Gibson v. Dretke, No. 04-20456 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. Jan. 4, 2005) (unpublished). We review the district court's findings of fact for clear error and its legal conclusions de novo. Summers v. Dretke, 431 F.3d 861, 868 (5th Cir. 2005).

Section 508.283(c) was amended to provide "that certain parole violators will receive street-time credit if the 'remaining portion' of their sentence is less than the amount of time they have spent out on parole." See Ex parte Spann, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004). The amendments, however, apply only to revocations occurring on or after September 1, 2001. Id.; TEX. GOV'T CODE ANN. § 508.283 (Vernon 2004).

The record discloses that Gibson's mandatory supervision was revoked on March 26, 2001. Consequently, he is not entitled to credit for street time because his mandatory supervision was revoked prior to September 1, 2001. See Spann, 132 S.W.3d at 392. We therefore need not reach the issue whether § 508.283(c) affords Texas prisoners a liberty interest in street-time credit.

In light of the foregoing, the state court's decision was neither contrary to, or involved an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence. See § 2254(d); Summers, 431 F.3d at 868.

AFFIRMED.